*Johnston & Cone,* for defendant.

---

## TANNER v. HINSON.

HILL, J. 1. The plaintiff alleged in her petition facts relied on to show equitable title in herself to two tracts of land, and that the defendant had become a purchaser of both tracts from her husband, with notice of her equity; whereupon she prayed that the deed from her husband to the defendant be canceled as a cloud upon her title, and that she be decreed to be the owner of the land, and the defendant be enjoin from taking possession. Evidence was introduced tending to support the plaintiff's theory of the case. The defendant by his plea denied the allegations and resisted the prayers of the petition; and by way of cross-action he alleged that the plaintiff had remained in possession in spite of the demand of the defendant for the possession, and that the lands were worth a stated amount for rent; and, among other things, he prayed to be allowed to recover possession from the plaintiff, together with a money verdict for the value of the rents, issues, and profits. While instructing the jury the court said: "If, gentlemen of the jury, in this case you should find in favor of the plaintiff, the form of your verdict would be, 'We, the jury, find in favor of the plaintiff.' If you find in favor of the defendant, the form of your verdict would be, 'We, the jury, find in favor of the defendant.'" This charge eliminated from the consideration of the jury the defendant's cross-demand for the writ of dispossession in his favor against the plaintiff for the lot which was not mentioned in the verdict; and under no circumstances would it authorize a decree for any specific amount for mesne profits to which the defendant was entitled, under his pleadings and evidence, relatively to the lot not mentioned in the verdict, which was a matter that the jury should determine. Under this view, the error should not be regarded as harmless.

2. The defendant offered in evidence the tax digests of Jeff Davis county for the years 1906 to 1913, inclusive, for the purpose of showing that

Elias Hinson returned during each of those years, in his own name, lot of land No. 161 in the 1st district of Jeff Davis county, and that Mary Jane Hinson, the plaintiff, did not return, during any of the years named, the lots numbered 161 and 249; and for the further purpose of showing that the plaintiff did make a personal return of lot No. 257 in that county during the years named. The court admitted the tax digest in evidence for the purpose of showing that the plaintiff did not return lot No. 161 for taxation for the years named, but excluded from the consideration of the jury the personal return of the plaintiff, showing that she did return lot No. 257. The fact that Mrs. Hinson made a personal tax return of other property for the years mentioned, and omitted from her return any mention of the lots in controversy, was a material circumstance tending to impeach her claim to the land in controversy; and it was error to exclude that part of her return from evidence.

3. The fourth and eighth grounds of the amended motion for a new trial raised questions that were covered by the general grounds. As the case will go back for another trial, where the evidence may not be the same as on the former hearing, no ruling will be made with respect thereto.

4. Certain requests to charge, in so far as they stated correct principles of law applicable to the case, were covered by the general charge.

*Judgment reversed. All the Justices concur.*

JUNE 14, 1917. REHEARING DENIED JULY 12, 1917.

Equitable petition. Before Judge Highsmith. Jeff Davis superior court. July 5, 1916.

Mrs. Mary Jane Hinson filed a petition against her husband, Elias Hinson, and B. H. Tanner, alleging that Hinson had the legal title to two lots of land, numbered 161 and 249 respectively; that she had paid the purchase-price of the lots to Jasper Hand, the vendor, in 1872, with money inherited from her father's estate, and it was agreed between her and her husband, Elias Hinson, that she should pay for the land and that they would move and live upon it, "and that the land should belong to the plaintiff;" that after paying for the land they did move upon it under the agreement that it was to be hers, and remained there until four or five years before the bringing of this action, when they moved upon another tract of land, and plaintiff rented the first-described land and has kept a tenant in possession since; that the legal title to the land was made to Elias Hinson, the husband, but, by reason of the above facts, a trust had arisen in the plaintiff's favor; and that her husband had sold the land to Tanner, who took with notice of her equity. She prayed that the title to the land be decreed to be in her; that Tanner be required to deliver up the deed from Hinson, and that it be canceled; that Tanner be enjoined from

12

setting up any claim to the land; and that Hinson be required to execute title to her. Hinson did not file an answer. Tanner denied, in effect, all the material allegations of the petition; and specially averred, that Hinson was the legal owner in possession of the land at the time of his (Tanner's) purchase; and that he bought in good faith for full value, without any notice of plaintiff's alleged equity in the premises in controversy. He prayed, that the title be decreed to be in him, and that a writ of possession be issued against the plaintiff in his favor, and that he recover the value of the land for rent. The jury returned a verdict for the plaintiff "as regards lot number one hundred and sixty-one (161)." No reference was made to lot No. 249. A motion for new trial was made by Tanner, which was overruled, and he excepted.

*Dickerson & Kelley, J. W. Quincey, J. Mark Wilcox*, and *Atkinson & Born*, for plaintiff in error. *W. W. Bennett*, contra.